IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD JOHN SLUPSKI, JR.,          )
                                    )
              Plaintiff,            )
                                    )
      -vs-                          )          Civil Action No.   15-197
                                    )
CAROLYN W. COLVIN,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
              Defendant.            )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).

Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10).   After careful

consideration of the submissions of the parties, and based on my Opinion set forth below, I am

denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion

for Summary Judgment. (ECF No. 9).

## I.  BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of

Social Security ("Commissioner") denying his application for disability insurance benefits

pursuant to the Social Security Act ("Act").   Plaintiff filed his application for benefits alleging he

had been disabled since September 1, 2007, but later amended the alleged onset date to

September 29, 2010.   (ECF No. 5-7, p. 5; ECF No. 5-4, p. 10).   Administrative Law Judge James

Pileggi issued a partially favorable decision, finding that Plaintiff was disabled from September 29,

2010 through December 30, 2011, but not thereafter.   (ECF No. 5-4, pp. 10-19).   The Appeals

Council vacated the ALJ's decision "only with respect to the issue of disability after December 31, 2011." (ECF No. 5-4, p. 28). On remand, a new Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a video hearing on January 24, 2014. (ECF No. 5-3). On March 14, 2014, the new ALJ issued a partially favorable decision finding Plaintiff disabled from September 29, 2010 through June 13, 2012, but not thereafter. (ECF No. 5-2, pp 21-33). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

In closed period cases, the ALJ must review the record under the "medical improvement" framework. *Chrupcala v. Heckler,* 829 F.2d 1269, 1274 (3d Cir.1987). As the Third Circuit has articulated, "[f]airness would certainly seem to require an adequate showing of medical improvement whenever an ALJ determines that disability should be limited to a specific period." *Chrupcala,* 829 F.2d at 1274. The medical improvement standard is codified 20 C.F.R. §

404.1594(f).[1]

_____

[1] 20 C.F.R. §404.1594(f) provides:

Evaluation steps. To assure that disability reviews are carried out in a uniform manner, that decisions of continuing disability can be made in the most expeditious and administratively efficient way, and that any decisions to stop disability benefits are made objectively, neutrally and are fully documented, we will follow specific steps in reviewing the question of whether your disability continues. Our review may cease and benefits may be continued at any point if we determine there is sufficient evidence to find that you are still unable to engage in substantial gainful activity. The steps are as follows. (See paragraph (i) of this section if you work during your current period of entitlement based on disability or during certain other periods.)

(1) Are you engaging in substantial gainful activity? If you are (and any applicable trial work period has been completed), we will find disability to have ended (see paragraph (d)(5) of this section).

(2) If you are not, do you have an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1 of this subpart? If you do, your disability will be found to continue.

(3) If you do not, has there been medical improvement as defined in paragraph (b)(1) of this section? If there has been medical improvement as shown by a decrease in medical severity, see step (4). If there has been no decrease in medical severity, there has been no medical improvement. (See step (5).)

(4) If there has been medical improvement, we must determine whether it is related to your ability to do work in accordance with paragraphs (b)(1) through (4) of this section; i.e., whether or not there has been an increase in the residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to your ability to do work, see step (5). If medical improvement is related to your ability to do work, see step (6).

(5) If we found at step (3) that there has been no medical improvement or if we found at step (4) that the medical improvement is not related to your ability to work, we consider whether any of the exceptions in paragraphs (d) and (e) of this section apply. If none of them apply, your disability will be found to continue. If one of the first group of exceptions to medical improvement applies, see step (6). If an exception from the second group of exceptions to medical improvement applies, your disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in this process.

(6) If medical improvement is shown to be related to your ability to do work or if one of the first group of exceptions to medical improvement applies, we will determine whether all your current impairments in combination are severe (see § 404.1521). This determination will consider all your current impairments and the impact of the combination of those impairments on your ability to function. If the residual functional capacity assessment in step (4) above shows significant limitation of your ability to do basic work activities, see step (7). When the evidence shows that all your current impairments in combination do not significantly limit your physical or mental abilities to do basic work activities, these impairments will not be considered severe in nature. If so, you will no longer be considered to be disabled.

(7) If your impairment(s) is severe, we will assess your current ability to do substantial gainful activity in accordance with § 404.1560. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.

(8) If you are not able to do work you have done in the past, we will consider whether you can do other work given the residual functional capacity assessment made under paragraph (f)(7) of this section and your age, education, and past work experience (see paragraph (f)(9) of this section for an exception to this rule). If you can, we will find that your disability has ended. If you cannot, we will find that your disability continues.

(9) We may proceed to the final step, described in paragraph (f)(8) of this section, if the evidence in your file about your past relevant work is not sufficient for us to make a finding under paragraph (f)(7) of this section about whether you can perform your past relevant work. If we find that you can adjust to other work based solely on your age, education, and residual functional capacity, we will find that you are no longer disabled, and we will not make a finding about whether you can do your past relevant work under paragraph (f)(7) of this section. If we find that you may be unable to adjust to other work or if § 404.1562 may apply, we will

## B.    Treating Physicians

Plaintiff argues that the ALJ erred in giving little weight to the opinions of two treating doctors, Dr. Habusta and Dr. Schenk, for the period beginning June 14, 2012.   (ECF No. 8, pp. 4-6).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical

---

assess your claim under paragraph (f)(7) of this section and make a finding about whether you can perform your past relevant work.

20 C.F.R. § 404.1594(f).

> evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating
> physician is to be given controlling weight only when it is well-supported by medical
> evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave little weight to the opinions of Dr. Habusta and Dr. Schenk for the period beginning June 14, 2012 because both opinions rely on Plaintiff's "partial weight-bearing as a basis for part of their opinions" and that it conflicted with the medical evidence showing that Plaintiff's fracture had healed and that he was cleared for full weight-bearing. (ECF No. 5-2, p. 31). This is an appropriate, valid and acceptable reason for discounting opinion evidence. *See,* 20 C.F.R. §404.1527 (Evaluating Opinion Evidence). Furthermore, after a review of the record, I find the same is based on substantial evidence of record. (ECF No. 5-2, pp. 21-33; ECF No. 5-19, p. 8, 10), Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

## C. Inaccurate statements

Plaintiff also summarily suggests that the ALJ made a number of inaccurate statements. (ECF No. 8, pp. 6-7). I have reviewed each such allegation. Contrary to Plaintiff's position, I do not find the identified statements to be inaccurate. Further, I find there is substantial evidence of record to support the ALJ's statements. (ECF No. 5-2, pp. 21-33). As such, remand is not warranted on this basis.

## D. Residual Functional Capacity (RFC)[2]

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§416.945; 404.1527.

Plaintiff further argues that the ALJ erred in formulating the RFC because he did not mention or include an evaluation of his low back issues/pain. (ECF No. 8, pp. 6-7). After a review of the record, I disagree. Contrary to Plaintiff's position, the ALJ specifically mentioned and considered Plaintiff's low back pain when determining Plaintiff's RFC. *See,* ECF No. 5-2, p. 30. Thus, I find no merit to this argument.

### E. <u>Severe Impairment</u>

Without much more than a fleeting reference in a sentence, Plaintiff argues that the ALJ erred in failing to mention his low back condition at step 2. (ECF No. 8, p. 6). This conclusion falls woefully short of properly placing the issue before me. Nonetheless, after a review of the record, I disagree.

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, the ALJ found that Plaintiff had severe impairments. (ECF No. 5-2, p. 25). Thereafter, the ALJ proceeded to the next steps. *Id,* pp. 26-33*.* Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2.

In so doing, the ALJ acknowledged that in making the RFC determination he was to consider all impairments, including any impairment that is not severe. (ECF No. 5-2, p. 26). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and determining Plaintiff's RCF, including Plaintiff's low back condition. (ECF No. 5-2, pp. 26-33). Therefore, I find any purported error was harmless such that a remand

on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue,* No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

### F.    Credibility

Plaintiff's final argument is that the ALJ erred in assessing his credibility.    (ECF No. 8, pp. 7-8).    In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*   I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.   *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility.   As laid out in his decision, the ALJ considered the factors set forth above.   (ECF No. 5-2, pp. 21-33). Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §404.1529 and SSR 96-7p.   Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible.   (ECF No. 5-2, pp. 21-33).   Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

In sum, under the applicable standards of review and the current state of the record, this Court finds that there is substantial evidence to support the ALJ's decision that Plaintiff was disabled for a closed period of time from September 29, 2010 through June 13, 2012, and that as of June 14, 2012, Plaintiff's condition medically improved such that Plaintiff was capable of light work with certain conditions.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD JOHN SLUPSKI, JR.,           )
                                     )
                Plaintiff,           )
                                     )
        -vs-                         )        Civil Action No.   15-197
                                     )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
                Defendant.           )

AMBROSE, Senior District Judge.


## ORDER OF COURT


THEREFORE, this 31st day of May, 2016, it is ordered that Plaintiff's Motion for Summary

Judgment (ECF No. 7) denied and Defendant's Motion for Summary Judgment (ECF No. 9) is

granted.


                        BY THE COURT:

                        s/   Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge